UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

WILLIAM J. LEFFLER,

      Plaintiff,

v.                                                  1:05-CV-146 (NPM)

JO ANNE B. BARNHART,
Commissioner of Social
Security Administration,

      Defendant.

---

| APPEARANCES | OF COUNSEL |
|---|---|
| ERWIN, McCANE & DALY<br>Attorney for the Plaintiff<br>23 Elk Street<br>Albany, NY 12207 | THOMAS C. ERWIN, ESQ. |
| OFFICE of the UNITED STATES ATTORNEY<br>Attorney for the Defendant<br>100 South Clinton Street<br>Syracuse, NY 13261-7198 | WILLIAM H. PEASE, ESQ. |

NEAL P. McCURN, Senior U.S. District Court Judge

## **MEMORANDUM - DECISION AND ORDER**

      Plaintiff William J. Leffler (the "plaintiff") brings this action pursuant to § 205(g) of the Social Security Act (the "Act"), codified at 42 U.S.C. §§ 405(g), seeking review of the final decision of the defendant Commissioner of the Social Security Administration ("Commissioner") denying plaintiff's claim for disability

insurance benefits ("DIB") under the Act. For the reasons stated below, the Commissioner's decision will be affirmed.

## I.     BACKGROUND

### A.     Procedural History, Facts and Contentions

Plaintiff filed a timely appeal with the Social Security Administration's Appeals Council ("Appeals Council"). On November 19, 2004, the Appeals Council denied the plaintiff's request for review, leaving the opinion of the Administrative Law Judge ("ALJ") as the final decision of the Commissioner. Plaintiff asserts that he has exhausted all his administrative remedies, and brings this action pursuant to 42 U.S.C. § 405(g).

The court adopts the statement of facts as they are set forth in the plaintiff's brief. (Doc. No. 5). The court will recite further undisputed facts only as necessary to clarify its findings. In his appeal, the plaintiff raises four issues with the court. The plaintiff contends that (1) the Commissioner erred in finding that the plaintiff's severe impairment did not meet or equal the level of severity of any listing; (2) the Commissioner did not properly evaluate the plaintiff's credibility with regard to his allegations of disabling pain and severe exertional limitations; (3) the Commissioner's residual functional capacity assessment is not supported by substantial evidence in the record; and (4) the Commissioner's conclusion that

the plaintiff was not disabled at step five in the sequential analysis is not supported by substantial evidence in the record.

## II. DISCUSSION

### A. Standard of review

This court does not review a final decision of the Commissioner de novo, but instead "must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." Butts v. Barnhart, 388 F.3d 377, 384 (2d Cir. 2004) (internal citations omitted). See also Halloran v. Barnhart, 362 F.3d 28, 31 (2d Cir. 2004); Balsamo v. Chater, 142 F.3d 75, 79 (2d Cir. 1998). "Substantial evidence" is evidence that amounts to "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Halloran, 362 F.3d at 31 (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420 (1971)). "An ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision." Gravel v. Barnhart, 360 F.Supp.2d 442, 444-45 (N.D.N.Y. 2005) (citing Ferraris v. Heckler, 728 F.2d 582, 587 (2d Cir. 1984)). When reviewing a determination by the Commissioner, a district court, in its discretion, "shall have the power to enter, upon the pleadings and transcript of record, a judgment affirming, modifying, or

reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). "The Act must be liberally applied, for it is a remedial statute intended to include [,] not exclude." Cruz v. Sullivan, 912 F.2d 8, 11 (2d Cir. 1990).

An individual is considered disabled for purposes of his or her eligibility for Social Security Disability if he or she is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

42 U.S.C. § 423(d)(1)(A).

The Commissioner may deem an individual applicant for Social Security Disability to be disabled

> only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).

Social Security Administration regulations set forth a five-step sequential evaluation process, by which the Commissioner is to determine whether an applicant for Social Security Disability is disabled pursuant to the aforementioned statutory definition. See 20 C.F.R. § 404.1520. The Second Circuit Court of Appeals summarizes this process as follows:

> The first step of this process requires the Secretary to determine whether the claimant is presently employed. If the claimant is not employed, the Secretary then determines whether the claimant has a "severe impairment" that limits [his] capacity to work. If the claimant has such an impairment, the Secretary next considers whether the claimant has an impairment that is listed in Appendix 1 of the regulations. When the claimant has such an impairment, the Secretary will find the claimant disabled. However, if the claimant does not have a listed impairment, the Secretary must determine, under the fourth step, whether the claimant possesses the residual functional capacity[1] to perform [his] past relevant work. Finally, if the claimant is unable to perform [his] past relevant work, the Secretary determines whether the claimant is capable of performing any other work. If the claimant satisfies [his] burden of proving the requirements in the first four steps, the burden then shifts to the Secretary to prove in the fifth step that the claimant is capable of working.

Brown v. Apfel, 174 F.3d 59, 62 (2d Cir. 1999) (quoting Perez v. Chater, 77 F.3d

---

[1] Residual functional capacity ("RFC") refers to what a claimant can still do in a work setting despite any physical and/or mental limitations caused by his or her impairments and any related symptoms, such as pain. An ALJ must assess the patient's RFC based on all the relevant evidence in the case record. See 20 C.F.R. § 404.1545 (a)(1).

41, 46 (2d Cir. 1996)).

The fifth step "requires the [ALJ] to consider the so-called vocational factors (the claimant's age, education, and past work experience), and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy." Quezada v. Barnhart, 2007 WL 1723615 (S.D.N.Y. 2007) (internal quotations omitted).

### B.  Closed Period of Disability

Due to his successful effort to return to work, albeit not to the heavy construction work he did before his work-related injury (Doc. No. 5 at 5), the plaintiff has requested a closed period of disability between March 1, 2002, the date of his work-related injury, and July 31, 2003, the day prior to his return to substantial gainful employment.

> In most instances where disability benefits are awarded, the award is open-ended and on-going in conjunction with a continuing disabling impairment. But in some instances the determination of disability takes so long that by the time the claim is adjudicated the impairment(s) may no longer be disabling. In such circumstances, the claimant may wish to request a "closed period" of disability.

Social Security Disability Claims: Practice and Procedure § 22.161 (West 2007).

**C.     Analysis**

As a threshold issue, the court emphasizes that 42 U.S.C. § 423(d)(1)(A) specifically states that a person is deemed disabled if he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  Substantial work activity is defined as "work activity that involves doing significant physical or mental activities.  Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before."  Gainful work activity is defined as "work activity that you do for pay or profit.  Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized." 20 C.F.R. § 404.1572(a) and (b).

The chronology of the plaintiff's back problem, for the purpose of this ruling, is as follows: (1) plaintiff slipped on ice at work and hurt his back on March 1, 2002 (R. at 134)[2] ; (2) plaintiff sought treatment for his worsening back pain on March 14, 2002 at St. Peter's Hospital, where x-rays were taken; on March

---

[2]     Unless otherwise noted, references ("R. at __") are to the administrative record.

18, 2002, plaintiff reported pain of four on a scale of one to ten, with ten being the most severe, and was prescribed pain medication and instructed to undergo physical therapy three times a week for a month (R. at 134-34); (3) plaintiff reported improvement on follow-up visits to his treating physician on April 8 and May 15, 2002 (R. at 130-33); (4) on plaintiff's follow-up visit of June 14, 2002, plaintiff advised his physician that he was laid off from work because of lack of work (as were several of his co-workers), not because of job performance (R. at 128-29); (5) on July 17, 2002, plaintiff advises his physician that he reinjured his back at work two days previously while lifting heavy trusses (R. at 126); (6) on a follow-up visit on July 26, 2002, plaintiff reported that his condition was much improved, that he was currently pain-free with occasional twinges of pain, and the prescribed pain medication was giving him good relief (R. at 124); (7) plaintiff reported feeling better at a follow-up visit on July 30, 2002, and stated that he remained out of work due to lack of work (R. at 122); and (8) on September 30, 2002, the plaintiff stated that he remained out of work because he had been laid off, and that he was feeling better. (R. at 122).

On October 20, 2002, plaintiff awoke to severe pain in his lower back, with pain radiating down his legs. (R. at 120). He sought medical treatment on October 21, 2002, reporting "unbearable" pain, and ranked the severity at ten on a scale of

one to ten. (R. at 120-21). He underwent an MRI on October 28, 2007, and was diagnosed with a herniated disc. (R. at 118-19). Plaintiff underwent microdiscectomy surgery at the Albany Medical Center on January 22, 2003. (R. at 110-115). After a functional capacity assessment evaluation done in July of 2003, plaintiff was released to go back to light duty work in August of 2003, working three months before he was again laid off. (R. at 190-92). At the time of the hearing held before the ALJ, plaintiff was employed part-time as a janitor. (R. at 187).

      The ALJ found that the plaintiff's attempts to return to work as a laborer during May, July and August of 2002 were unsuccessful work attempts. The court concurs that these were unsuccessful work attempts for heavy work as a laborer. Although the ALJ doesn't specifically mention the twelve month temporal issue, he does state that "I am not persuaded that he [the plaintiff] was totally incapacitated by his alleged pain and other symptoms." (R. at 17). The substantial evidence in the medical records weighs heavily for the presumption that the plaintiff would have been capable of light duty or sedentary work at various times throughout the closed period in question. The court suggests that the claimant was capable of performing other jobs existing in significant numbers in the national economy. The medical records show that on many occasions and periods of time

during the closed period, specifically before the October 2002 episode, and after the January 2003 surgery, the plaintiff was, in his own words, relatively pain free. The medical records also indicate that the plaintiff's RFC would allow him to do light duty or sedentary work. (See, e.g., R. at 103, 108, 124, 131, 141, 145, and 146). On this basis, the court concurs with the ALJ that the plaintiff's impairments do not constitute a "medically determinable physical ... impairment which ... has lasted .. for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The court now considers the issues raised in the complaint. The plaintiff first alleges that the Commissioner erred in finding that the plaintiff's severe impairment did not meet or equal the level of severity of any listing. In his notice of unfavorable decision, the ALJ found that the plaintiff "did not exhibit the degree of severity required by listing 1.04 or any other relevant musculoskeletal listing, at any time from his alleged onset to July 31, 2003." (R. at 16). The ALJ's reference was to 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04, which lists disorders of the spine, including but not limited to, herniated nucleus pulposis, spinal stenosis, degenerative disc disease and facet arthritis, all of which the plaintiff was diagnosed with pursuant to the MRI results of October 28, 2002. The plaintiff asserts that "[t]he ALJ's cursory mention of Listing 1.04 without a full discussion

is insufficient, and a remand for proper administrative determination as to whether the claimant's severe back impairment meets or equals the level of severity in the Listings." (Doc. No. 5 at 8).

The court finds that the ALJ applied the correct legal standard by applying Listing 1.04. The court also finds that the ALJ made more than a cursory mention of Listing 1.04, and analyzed the various determining criteria in the body of his decision, including, <u>inter alia</u>, distribution of pain, limitation of motion, motor loss, results of straight-leg raising test, and ambulation. Accordingly, substantial evidence supports the ALJ's decision that the plaintiff's severe impairment did not meet or equal the level of severity of any listing.

The plaintiff next asserts that the ALJ did not properly evaluate the plaintiff's credibility with regard to his allegations of disabling pain and severe exertional limitations. An ALJ is required to evaluate a claimant's credibility concerning pain according to the factors set forth in 20 C.F.R. § 404.1529, which states in pertinent part that:

> [i]n determining whether you are disabled, we consider all your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence ... These include statements or reports from you, your treating or examining physician or

11

> psychologist, and others about your medical history, diagnosis, prescribed treatment, daily activities, efforts to work, and any other evidence showing how your impairment(s) and any related symptoms affect your ability to work. We will consider all of your statements about your symptoms, such as pain, and any description you, your physician, your psychologist, or other persons may provide about how the symptoms affect your activities of daily living and your ability to work.

20 C.F.R. § 404.1529 (West 2007).

In the case at bar, the ALJ explicitly sets forth the seven primary factors he must consider pursuant to Social Security Ruling 96-7p: (1) the extent of the claimant's daily activities; (2) the location, duration, frequency, and intensity of the symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness and adverse side effects of medication; (5) treatment, other than medication, for relief of the symptoms; (6) any measures other than treatment the claimant uses to relieve his pain or other symptoms; and (7) any other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms. (R. at 17).  The ALJ then sets forth a detailed analysis of these factors, upon which he based his decision that the credibility of the plaintiff's subjective complaints and allegedly related functional limitations was only fair at best.  Specifically, the ALJ accepted that the plaintiff had severe back and leg pain

during the period of March 1, 2002 to July 31, 2003, but also noted that the plaintiff was able to engage in many normal activities of daily living and was able to walk the stairs in his house for exercise. The plaintiff reported an improvement in his back symptoms, and he attempted to return to work in July and August of 2002, until he was laid off.[3] The ALJ considered these attempts to be failed work attempts, and while noting that the plaintiff's past relevant work as a laborer was precluded by his back ailments, the ALJ determined that the plaintiff was capable of sedentary work at various times during the closed period at issue here. The ALJ points to the evidence that after the plaintiff's successful back surgery in January of 2003, by June 2003 he no longer needed pain medication, and by August 2003 he was able to return to light duty. (R. at 18). Based on an exertional capacity for sedentary work, and the plaintiff's age, education and prior work experience, the ALJ found that the plaintiff was not disabled under the Act. (R. at 19).

The court finds that the ALJ's analysis of the plaintiff's credibility met the requirements of Ruling 96-7p, and that substantial evidence in the record supported the ALJ's conclusion that the plaintiff was not totally incapacitated during this time. The ALJ is in the unique position to observe the plaintiff and his

---

[3] The plaintiff testified that he exacerbated his back problem in July of 2002 while lifting roof trusses, and was laid off before this incident, as well as after, due to lack of work. (R. at 124, 126, and 128).

demeanor during his testimony, and the degree of weight to be afforded a claimant's subjective complaints of pain is within the ALJ's discretion.[4] Accordingly, the court finds no error on the issue of credibility.

Plaintiff also asserts that the Commissioner's residual functional capacity "RFC") assessment is not supported by substantial evidence in the record. RFC is defined in the regulations as "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continued basis," which means "8 hours a day, for 5 days a week, or an equivalent work schedule." As stated above, RFC is the most an individual can do despite his or her limitations or restrictions. Social Security Ruling 96-8p (West 2007)

> The RFC assessment must be based on *all* of the relevant evidence in the case record, such as:
>
> [m]edical history, [m]edical signs and laboratory findings, [t]he effects of treatment, including limitations or restrictions imposed by the mechanics of treatment (e.g., frequency of treatment, duration, disruption to routine, side effects of medication), [r]eports of daily activities, [l]ay evidence, [r]ecorded observations, [m]edical source statements, [e]ffects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment, [e]vidence from attempts to work, [n]eed for a structured living

---

[4] See Wright v. Barnhart, 2006 WL 4049579 (D.Conn. 2006) (citing Tejada v. Apfel, 167 F.3d 770, 775-76 (2d Cir. 1999).

environment, and [w]ork evaluations, if available.

Id. (emphasis in original).

Here, the ALJ throughly considered all of the relevant evidence in the case record, including plaintiff's medical history (R. at 16), as well as plaintiff's daily activities. The court finds that the ALJ applied the proper legal standard, and the substantive evidence reinforces the ALJ's evaluation of the patient's credibility.

The fourth and final issue raised by the plaintiff is that the Commissioner erred in concluding that the plaintiff was not disabled based on the substantial weight of the evidence in the record.  After a careful review of the entire record, the court concurs with the ALJ's conclusion, giving considerable weight to the plaintiff's own words and actions.  The court finds that the ALJ applied the correct legal standards and correctly weighed the substantive evidence in finding that the plaintiff was not totally disabled for the closed period at issue here.

### III.    CONCLUSION

For the reasons set forth in the body of this opinion, the ALJ's decision denying plaintiff's disability benefits is hereby AFFIRMED.

SO ORDERED.

August 28, 2007

_____
Neal P. McCurn
Senior U.S. District Judge